# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAWRENCE WASHINGTON,                      )
                                          )
            Plaintiff,                    )        Civil Action No. 2:26-CV-23
                                          )        Magistrate Judge Maureen P. Kelly
            v.                            )
                                          )
DETECTIVE TESSMER;                        )
ALLEGHENY COUNTY;                         )
DET FEBT; *and*                           )
DET CASTANZO,                             )
                                          )
            Defendants.                   )

## ORDER

Plaintiff Lawrence Washington ("Plaintiff") was, at the initiation of the matter, a state pretrial detainee.  ECF No. 1-1 at 1.  He currently is a federal pretrial detainee held at the Butler County Prison in Butler, Pennsylvania.

On January 6, 2026, Plaintiff commenced the instant lawsuit by filing a civil rights complaint (the "Complaint"), ECF No. 1.  Plaintiff submitted an Amended Complaint on January 13, 2026.  ECF No. 2.  After the correction of various filing deficiencies, leave to proceed *in forma pauperis* ("IFP") was granted on April 7, 2026.  ECF Nos. 3, 7, 8, 9, and 14.  The Complaint and Amended Complaint were formally filed on the same date.  ECF Nos. 15 and 16.

The gist of the Amended Complaint is that Plaintiff was unlawfully stopped and searched at a traffic stop on July 13, 2025.  ECF No. 16 at 2-4.  Plaintiff also alleges that his apartment was searched unlawfully on November 19, 2025, incident to Plaintiff's arrest.  Id. at 4.  While the Amended Complaint is rather vague, Plaintiff alleges in the initial Complaint that the

1

November 19, 2025, search and arrest were based on a warrant issued on August 27, 2025, arising from the vehicle stop and search on July 13, 2025.   ECF No. 15 at 3-4.

In the initial Complaint, Petitioner complained of state charges pending at Docket No. MJ-05003-CR-005665-2025.   Id. at 14.   As recently as April 13, 2026, the docket for that case was available to the public at https://ujsportal.pacourts.us/Report/MdjDocketSheet?docketNumber= MJ-05003-CR-0005665-2025&dnh=Ex0bQzefv%2Bba5MbYQ6RCIg%3D%3D,  and  indicated that Plaintiff's state charges had been withdrawn on January 14, 2025.   However, this Court's attempt to access this docket on April 17 and 21, 2026, returned errors, and searches by Plaintiff's name no longer show the existence of any such case against Plaintiff in state court.   This is troubling.

Be that as it may, a search of this Court's docket reveals that Plaintiff was indicted on federal drug charges on January 13, 2026.   Indictment, United States v. Washington, No. 26-cr-09 (W.D. Pa. filed Jan. 13, 2026), ECF No. 1.   Those charges arise from events that occurred on July 13, 2025, and November 19, 2025 – the same dates at issue in the Amended Complaint. Plaintiff's federal criminal case remains pending as of the date of this writing.

The United States Supreme Court recognized that is appropriate for a district court to stay lawsuits with claims that read upon pending criminal cases.   Wallace v. Kato, 549 U.S. 384, 393-94 ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").   At least one reason to do this is to avoid any conflict with Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), which mandates the

2

dismissal of any claim that [" would necessarily imply the invalidity of [a plaintiff's] conviction or sentence[.]"

The crux of Plaintiff's legal arguments in the instant case is that Defendants violated his various constitutional rights by allegedly illegally searching his car and his home. He now appears to face federal prosecution based on the fruits of those searches. Plaintiff's claims are exactly the sort that could pose an issue under Heck. Accordingly, this case will be stayed and administratively closed during the pendency of Plaintiff's underlying criminal proceedings. Plaintiff may move to reopen this case, should he receive a favorable termination of the same.

AND NOW, this 21st day of April, 2026, IT IS HEREBY ORDERED that this case is STAYED and ADMINISTRATIVELY CLOSED pending the resolution of Plaintiff's underlying federal criminal charges. Plaintiff may move to reopen this lawsuit within 60 days of receipt of a favorable termination of the same.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.

Any appeal is to be submitted to the Clerk of Court, U.S. District Court, U.S. Courthouse, 700 Grant Street, Suite 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

3

cc: LAWRENCE WASHINGTON
45408 215225
BUTLER COUNTY PRISON
202 S. Washington Street
Butler, PA 16001